UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
BURTON WIAND
RECEIVERSHIP
CASES PENDING
IN THE TAMPA                    Case Nos.: 8:05-cv-1856-T-27MSS, et al.,
DIVISION OF THE
MIDDLE DISTRICT
OF FLORIDA

_____/

## ORDER

**THIS MATTER** comes before the Court on renewed motions for an extension of time to respond to various motions to dismiss filed in the Burton Wiand/ "Waxenberg Receiver Cases." See App. Motions to dismiss these complaints have been pending in some instances for over four months. The staggering of these motions, the substantial docket and the resulting challenges raised by the Receiver in support of his motion are inherent in this type of litigation. Further, the Receiver determined that filing individual suits rather than a single suit against all Defendants was legally or strategically appropriate and represented to the Court that he had the resources needed to be appointed Receiver and to manage this case.

Though there may be certain side issues that are specific to certain Defendants and not others, certain salient and threshold issues are common to all, and they have been raised and thoroughly briefed in the memoranda that have been filed. Thus, the *Court* determines that the most efficient way of proceeding and of

using the resources of the Court, the putative Defendants, as well as the resources of the Receiver to address these pending motions is to proceed as follows:

1. The deadlines for filing all motions to dismiss or to answer any complaint filed by the Waxenberg Receiver in this Court against the Waxenberg investors, if no motion or answer has yet been filed, are hereby **CONTINUED** pending further order of the Court. Any pending motions requesting an extension are **GRANTED**. All discovery in the cases is hereby **STAYED** pending further order of the Court.

2. The Receiver, on or before September 15, 2006, shall file a "global" response to all motions to dismiss that have been filed as of the date of this Order. Any conflicting orders regarding response deadlines that may have been entered in these cases are hereby **MODIFIED** to be consistent with the deadline set forth herein. That response shall not exceed thirty (30) pages in length.

3. All Defendants whose motions have been filed and who wish to file a reply to the response shall do so within 11 days of the filing of the Receiver's global response. Any such reply shall not exceed eight (8) pages in length.

4. The Court will thereafter determine whether oral argument is required. If so, it shall be held on **Friday, November 17, 2006**, Sam Gibbons, United States Courthouse, Tampa Florida, courtroom to be determined. Counsel for all parties whose motions are pending as of the date of this Order shall attend the hearing *in person*. Those parties who have been sued and served but have not yet filed a motion or answer are free to attend the hearing and have counsel present at "counsel table." All others may, of course, attend as a member of the general public. Only those parties whose motions to dismiss are pending as of the date of this Order, however, will be permitted to present argument to the Court.

5. To the extent that the Defendants can agree on a lead counsel to argue on behalf of the Defendants globally, they shall confer and designate a lead counsel for this purpose. If they cannot agree, each counsel will be permitted to present limited argument to the Court or may opt to rest on the written submissions.

6. If, upon review of the memoranda and consideration of the law, the Court determines that oral argument is not necessary, the hearing will be canceled or may proceed to address any other issues that may be outstanding, and the parties will be so notified.

7. The **CLERK** is directed to file a copy of this Order in each case listed in the attached Appendix.

**DONE** and **ORDERED** this 17th day of August 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

## APPENDIX

| | |
|---|---|
| **8:05-cv-01856-JDW-MSS** | Wiand v. Waxenberg |
| **8:06-cv-00605-EAK-MSS** | Wiand v. Terry |
| **8:06-cv-00606-RAL-MSS** | Wiand v. Trugman |
| **8:06-cv-00607-JSM-MSS** | Wiand v. Shaw |
| **8:06-cv-00608-EAK-MSS** | Wiand v. Wornham |
| **8:06-cv-00609-SDM-MSS** | Wiand v. Abraham |
| **8:06-cv-00610-JDW-MSS** | Wiand v. Gruen et al |
| **8:06-cv-00611-SDM-MSS** | Wiand v. Dell et al |
| **8:06-cv-00612-EAK-MSS** | Wiand v. Isroff |
| **8:06-cv-00613-RAL-MSS** | Wiand v. Hayes |
| **8:06-cv-00614-EAK-MSS** | Wiand v. Dimont, et al |
| **8:06-cv-00615-EAK-MSS** | Wiand v. Cottage Development LLC |
| **8:06-cv-00616-JDW-MSS** | Wiand v. Kavensky |
| **8:06-cv-00617-SCB-MSS** | Wiand v. Greenberg et al |
| **8:06-cv-00618-EAK-MSS** | Wiand v. Court Street LLC |
| **8:06-cv-00622-RAL-MSS** | Wiand v. Isroff |
| **8:06-cv-00623-RAL-MSS** | Wiand v. Isroff |
| **8:06-cv-00631-JDW-MSS** | Wiand v. Owens |
| **8:06-cv-00632-SCB-MSS** | Wiand v. Savran et al |
| **8:06-cv-00633-EAK-MSS** | Wiand v. Shaw |
| **8:06-cv-00634-JSM-MSS** | Wiand v. Shaw |
| **8:06-cv-00635-RAL-MSS** | Wiand v. Siegel |
| **8:06-cv-00636-EAK-MSS** | Wiand v. Tuck et al |
| **8:06-cv-00637-RAL-MSS** | Wiand et al v. Vinograd et al |
| **8:06-cv-00638-SCB-MSS** | Wiand v. Umansky |
| **8:06-cv-00639-SDM-MSS** | Wiand v. Winkler et al |
| **8:06-cv-00640-JSM-MSS** | Wiand v. Baratz et al |
| **8:06-cv-00641-JDW-MSS** | Wiand v. Burman et al |

| | |
|---|---|
| **8:06-cv-00642-SCB-MSS** | Wiand v. Baratz et al |
| **8:06-cv-00643-JSM-MSS** | Wiand v. Conner et al |
| **8:06-cv-00644-JSM-MSS** | Wiand v. Feldman |
| **8:06-cv-00645-SCB-MSS** | Wiand v. Levey et al |
| **8:06-cv-00646-RAL-MSS** | Wiand v. Nathenson et al |
| **8:06-cv-00647-SDM-MSS** | Wiand et al v. Harvey Levine et al |
| **8:06-cv-00648-JSM-MSS** | Wiand v. Owens et al |
| **8:06-cv-00649-RAL-MSS** | Wiand v. Libor Partners |
| **8:06-cv-00650-JSM-MSS** | Wiand v. The Rampell Partnership et al |
| **8:06-cv-00651-JDW-MSS** | Wiand v. Nessel |
| **8:06-cv-00652-SDM-MSS** | Wiand v. Nathenson et al |
| **8:06-cv-00653-SCB-MSS** | Wiand v. Shaw |
| **8:06-cv-00696-SCB-MSS** | Wiand v. Sussman |
| **8:06-cv-00697-SCB-MSS** | Wiand et al v. Vinograd et al |
| **8:06-cv-00698-JDW-MSS** | Wiand v. Siegel |
| **8:06-cv-00699-JSM-MSS** | Wiand v. Owens |
| **8:06-cv-00700-SDM-MSS** | Wiand v. Vinograd |
| **8:06-cv-00701-JSM-MSS** | Wiand v. Garcia |
| **8:06-cv-00703-SDM-MSS** | Wiand v. Rosenberg |
| **8:06-cv-00705-EAK-MSS** | Wiand v. Waxenberg |
| **8:06-cv-00706-SDM-MSS** | Wiand v. Schnall et al |
| **8:06-cv-00707-JDW-MSS** | Wiand v. Saunders |
| **8:06-cv-00708-JSM-MSS** | Wiand v. Waxenberg |
| **8:06-cv-00822-JSM-MSS** | Wiand v. Vinograd |
| **8:06-cv-00823-RAL-MSS** | Wiand v. Vinogrand |
| **8:06-cv-00824-SCB-MSS** | Wiand v. Vinograd |
| **8:06-cv-00825-SDM-MSS** | Wiand v. Vinograd |
| **8:06-cv-00826-SCB-MSS** | Wiand v. Disraeli |
| **8:06-cv-00827-JSM-MSS** | Wiand v. Disraeli |
| **8:06-cv-00828-SDM-MSS** | Wiand et al v. Harris et al |

| | |
|---|---|
| **8:06-cv-00830-RAL-MSS** | Wiand et al v. Isaacson et al |
| **8:06-cv-00831-RAL-MSS** | Wiand v. Neumann et al |
| **8:06-cv-00832-SDM-MSS** | Wiand et al |
| **8:06-cv-00833-JDW-MSS** | Wiand v. Adatto |
| **8:06-cv-00834-SCB-MSS** | Wiand v. Seidman et al |
| **8:06-cv-00835-RAL-MSS** | Wiand v. Shaw |
| **8:06-cv-00836-SCB-MSS** | Wiand v. Singer |
| **8:06-cv-00837-EAK-MSS** | Wiand et al v. Stevenson |
| **8:06-cv-01048-JDW-MSS** | Wiand v. Rubin |
| **8:06-cv-01049-EAK-MSS** | Wiand v. Baratz et al |
| **8:06-cv-01069-JSM-MSS** | Wiand v. Browning |
| **8:06-cv-01070-RAL-MSS** | Wiand v. Saltz |
| **8:06-cv-01072-JDW-MSS** | Wiand v. Goldstein et al |
| **8:06-cv-01073-JSM-MSS** | Wiand v. Shaw |
| **8:06-cv-01075-JDW-MSS** | Wiand v. Waxenberg |
| **8:06-cv-01085-JDW-MSS** | Wiand v. Mitchell |
| **8:06-cv-01092-JSM-MSS** | Wiand v. Glaser et al |
| **8:06-cv-01203-EAK-MSS** | Wiand v. Abiri |